Spear, J.
Do the facts bring the case within section 3628 or within section 3629, of the Revised Statutes? If within the latter section, is a case made which entitles the creditors to relief ?
We think the first question is answered by a reference to the face of the policy itself. Section 3628 applies where the insurance is effected by the person whose life is insured, for the benefit of his widow and children, or either. This policy, upon its face, appears to have been procured, not by the husband, but by the wife. The fact that the husband paid the premiums tends to indicate that the insurance was procured by him, but, standing alone, does not overcome the legal effect of the terms of the contract itself. There is an essential difference between a case where a husband contracts with an insurance company for insurance on his own life in consideration of premiums to be paid by himself, the loss to be payable to the wife, as in Cross v. Armstrong, 44 Ohio St. 613, and a case where the wife insures her interest in her husband’s life, the premiums to be paid by her, as in Manhattan Life Ins. Co. v. Smith, same volume, 156. In the one case the policy is a chose in action which belongs to the husband, and which, beyond the limit fixed by section 3628, he may not dispose of to the prejudice of creditors and those entitled to share in his personal estate on distribution. In the other, although the premiums may have been paid by the husband, the contract is the wife’s separate property, upon which the husband’s creditors have no claim, unless it appear that the payment of premiums by him has had the effect to withdraw funds to which the creditors were entitled. As to creditors whose claims existed when such payments were made fraud might be presumed; as to subsequent creditors it would be necessary to show that there was fraudulent intent. Washington Central Bank v. Hume, 128 U. S. 195.
Section 3629 provides a rule for the second class of cases. Under that section a wife may, in her own name, cause to be insured the life of her husband, for her sole use and that of her children, and if she survive him the amount of the insurance shall be payable to her, if not then to the children *272 for her or their sole use, free from the claim of the representatives of the husband, or any of his creditors ; but if a policy be procured by any person with intent to defraud his creditors, an amount equal to the premiums paid, with interest, shall inure to the benefit of his creditors, subject to the statute of limitations.
To enable creditors to maintain a claim to any portion of the proceeds of such a policy it must be shown not only that the premiums were paid by the husband, and that he was insolvent at the túne of his decease, but that such payments, or some of them, were in fraud of the rights of creditors. If this is established the creditors, if they move in time, may recover the amount so fraudulently paid, with interest. Union Central Life Ins. Co. v. Eckert, 6 Am. Law Rec. 452.
The assignment for benefit of creditors made by Brown in 1872 or 1878 would show an embarrassed, possibly an insolvent, condition at that time. But he settled with all his then creditors, and for all that appears to the contrary, may havé paid all in full. None of that class is here complaining. It is not shown that the payments, or any of them, were made with the intent to defraud creditors, or that, in fact, they had that effect. If they were not so fraudulent then1 it was his right to bestow his entire bounty upon the wife and children, and it is now their right, or the right of the survivors, to enjoy the proceeds of it.
A decision of the question of the statute of limitations is not necessary to a disposition of the case, and we do not consider that question.

Judgment affirmed.